## ARTHUR K. WAGNER AND OTHERS v. GEORGE CRANMER AND OTHERS.[1]

May 5, 1922.

No. 22,751.

**Denial of temporary injunction to restrain village from making contract affecting lighting plant.**

In an action to restrain a municipal corporation from entering into a contract alleged to be in violation of the competitive provisions of the municipal charter, and if entered into will work an abandonment of an existing municipal lighting plant without a vote of the taxpayers as required by chapter 172, Laws 1917, it is *held* that the trial court did not abuse its discretion in denying a motion for a temporary injunction restraining proceedings pending the action.

Action in the district court for Ramsey county to restrain the members of the council of the village of North Saint Paul from en-

[1]Reported in 188 N. W. 65.

tering into a certain contract with the St. Paul Gas Light Company. From an order, Catlin, J., denying a temporary injunction, plaintiffs appealed. Affirmed.

*George L. Siegel* and *Louis B. Schwartz*, for appellants.

*Cowern & Jesmer* and *Steven I. Schmitt*, for respondents.

BROWN, C. J.

Representative action by certain taxpayers in behalf of themselves and all others similarly situated to restrain the village of North St. Paul from entering into a proposed contract with the St. Paul Gas Light Company for the supply of electric energy for the village in which an application for a temporary injunction restraining proceedings pending the action was denied and plaintiffs appealed.

The question presented is whether the trial court abused its discretion in refusing the temporary writ. It appears that the defendant is a municipal corporation and heretofore has owned and operated its own electric light plant, therefrom supplying the inhabitants and industries of the village with necessary light and electric energy. At the time stated in the complaint the village council, after some consideration of the cost and expense of operating the village plant and other kindred matters, concluded, apparently in the interests of economy, for a time to purchase from other available sources such electric current and energy as would supply the needs of the place. Bids were invited from the only two concerns capable of supplying it, with the result that a bid or offer by the St. Paul Gas Light Company was accepted, and measures put under way to enter into a formal contract with that company. On the theory that the proposed action of the council and the proposed contract contemplated and would result in an abandonment of the village plant without a submission of the question to the village voters, as required by chapter 172, p. 256, Laws 1917, and that the action of the council in accepting the bid of the gas light company was in violation of the competitive bidding requirements of the village charter, plaintiffs brought this action to restrain the village council from further proceedings in the matter.

By the general order denying the motion for a temporary injunction the trial court must be deemed, for the purposes of a review in this court, to have found all the essential facts against the contention of plaintiffs. Gray v. Building Trades Council, 91 Minn. 171, 97 N. W. 663, 1118, 63 L. R. A. 753, 103 Am. St. 477, 1 Ann. Cas. 172; George J. Grant Construction Co. v. St. Paul Building Trades Council, 136 Minn. 167, 161 N. W. 520, 1055. In that light the contention of plaintiffs that the proposed contract if entered into will necessarily work an abandonment of the village plant is disposed of adversely to them by the finding of the court to the contrary. The record sustains the trial court in that respect. The whole purpose of the village council, as we read the record, is summed up in a few words. The village plant, by reason of the high price of coal and labor, had become a burden and was being operated at a considerable loss, and the action of the council in looking for relief was and is a temporary expedient paving the way, should it result economically and otherwise beneficially to the village, to an abandonment of the village plant at some future date. The statute cited prohibits an abandonment of such a plant except by the consent of the voters and taxpayers, and the record will not justify the conclusion, in effect urged by plaintiffs, that the council intended by this transaction to violate the law, or that the necessary result of the temporary arrangements with the gas light company would be an abandonment of the village plant. The affirmative showing by defendant is that no such abandonment was intended.

The point that the contract if entered into will violate the competitive bidding provisions of the village charter is without special merit, so far as concerns the question whether the trial court abused its discretion in refusing the restraining order. The record conclusively shows that bids for the contract were informally invited from the only concerns capable of performing the same. This invitation for bids was not in the form prescribed by the village charter, but both invitees appeared and presented bids, that of the gas light company being some twelve or fourteen hundred dollars less than its competitor and was accepted. It appears further that economically the contract if entered into will substantially reduce the cost of

electricity in the village and relieve, temporarily, the operation of the village plant at a considerable loss. And, moreover, if the proposed contract be illegal for the failure of compliance with the charter, as contended by plaintiffs, a judicial determination to that effect after a trial of the action on the merits will terminate the same without loss or injury to the village. We do not consider that question; it can best be determined when all the facts are laid before the trial court.

Order affirmed.